2004-NMCA-068

92 P.3d 689

**Eric E. FERNANDEZ and Veronica R. Fernandez, Personal Representatives for the Estate of Leon A. Fernandez, Plaintiffs–Appellants,**

v.

**THE ESPAÑOLA PUBLIC SCHOOL DISTRICT and The Board of Education for the Española Public School District, Defendants–Appellees.**

No. 23,032.

Court of Appeals of New Mexico.

April 13, 2004.

Certiorari Granted, No. 28,648, June 4, 2004.

Jose A. Sandoval, Española, Bruce H. Stoltze, Brick, Gentry, Bowers, Swartz, Stoltze, Shuling & Levis, P.C., Des Moines, IA, for Plaintiffs–Appellants.

H. Nicole Werkmeister, Narvaez Law Firm, P.A., Albuquerque, for Defendants–Appellees.

*OPINION*

ROBINSON, J.

{1} In November 1998, Plaintiffs Eric and Veronica Fernandez, as personal representatives for the estate of their minor son Leon Fernandez, brought a wrongful death action against the Espanola Public School District, the Board of Education for the Espanola Public School District, Honda Motor Company, Ltd., and American Honda Motor Company, Inc., seeking damages for the death of their son in an accident involving an

ATV on school grounds. On March 2, 2001, the Espanola Public School District and the Espanola Board of Education (Defendants) made an offer of judgment for $95,000, plus costs accrued to that date, to settle the claims against Defendants, and Plaintiffs accepted. In August 2001, Plaintiffs settled their claims against Honda Motor Company and American Honda Motor Company. That settlement is not at issue in this appeal. On appeal, Plaintiffs argue that the district court erred as a matter of law when the court concluded that it did not have the discretion to award as costs the fees paid by Plaintiffs to several expert witnesses. We affirm the district court.

## BACKGROUND

{2} After Plaintiffs accepted the offer of judgment from Defendants, the district court entered judgment in favor of Plaintiffs in the amount of $95,000 plus costs accrued by Plaintiffs to March 2, 2001. Plaintiffs filed their first cost bill and claimed costs totaling $117,999.48, of which the amount of $89,274.25 was for expert witness fees. Defendants filed objections to Plaintiffs' cost bill, arguing that when expert witnesses do not testify in person or in a deposition, their fees are precluded from being taxed as costs under NMSA 1978, § 38–6–4(B) (1983). A hearing on the cost bill was held in December 2001. In February 2002, the district court, in an order granting in part and denying in part Plaintiffs' cost bill, awarded Plaintiffs the sum of $19,441.13 in costs. The district court concluded that because none of Plaintiffs' expert witnesses had testified in the cause either in person or in a deposition prior to the time that Plaintiffs had accepted Defendants' offer of judgment, the court lacked discretion to award costs under the express language of Section 38–6–4(B). The Plaintiffs appeal the district court's decision.

## DISCUSSION

{3} Although Plaintiffs raised other cost issues in their docketing statement, the sole issue Plaintiffs briefed on appeal is whether the district court erred when it concluded that it did not have discretion under Section 38–6–4(B) to award costs for the non-testifying expert witnesses. Therefore, this is the only issue we address. *See Fleming v. Town*

*of Silver City,* 1999–NMCA–149, ¶ 3, 128 N.M. 295, 992 P.2d 308 (stating that "issues raised in the docketing statement, but not argued in the brief in chief are deemed abandoned").

■ {4} With respect to awarding costs for the services of expert witnesses, Section 38–6–4(B) provides the following:

The district judge in any civil case pending in the district court may order the payment of a reasonable fee, to be taxed as costs, in addition to the per diem and mileage as provided for in Subsection A of this section, for any witness who qualifies as an expert and who testifies in the cause in person or by deposition. The additional compensation shall include a reasonable fee to compensate the witness for the time required in preparation or investigation prior to the giving of the witness's testimony.

The interpretation of a statute is a question of law, and our review is de novo. *Public Serv. Co. v. N.M. Pub. Util. Comm'n,* 1999–NMSC–040, ¶ 14, 128 N.M. 309, 992 P.2d 860. When interpreting a statute, our purpose is to determine and give effect to the judgment of the legislature. *Roth v. Thompson,* 113 N.M. 331, 332, 825 P.2d 1241, 1242 (1992).

{5} Defendants argue that the decision of the district court should be upheld because the provisions of Section 38–6–4(B) and Rule 1–054(D)(2)(g) NMRA 2004 regarding when expert witness fees may be taxed as costs are clear. Although we agree that Section 38–6–4(B) and Rule 1–054(D)(2)(g) are relevant, we do not rely on Rule 1–054(D)(2)(g) for this case. The proviso contained in Subsection (D)(2)(g) that expert witness fees are recoverable "as limited by Section 38–6–4(B)" was an amendment to the Rules of Civil Procedure, approved by the Supreme Court by Order No. 99–8300 on October 27, 1999, effective for cases filed on and after December 15, 1999. Because Plaintiffs filed this action in November 1998, amended Rule 1–054(D)(2)(g) would not apply to their case.

{6} Defendants point out that under NMSA 1978, § 39–3–30 (1966), "the taxation of costs is in the discretion of the reviewing court except in those cases in which a differ-

ent provision shall be made by law." They argue that Section 38–6–4(B) constitutes a different provision made by law and, therefore, the district court was correct in concluding that it did not have the discretion to disregard Section 38–6–4(B) in making a cost award. Defendants also rely on *Jimenez v. Foundation Reserve Insurance Company,* 107 N.M. 322, 757 P.2d 792 (1988), for support. In that case, the plaintiff attempted to recover costs for two experts who were unable to testify at a hearing through no fault of their own. *Id.* at 323–24, 757 P.2d at 793–94. The New Mexico Supreme Court, in resolving the question of whether an award of costs was appropriate, observed that "[t]he right of a prevailing party to recover costs incurred in litigation is by virtue of statutory authority, or by rule of the court as authorized by statute." *Id.* at 327, 757 P.2d at 797; *accord Pierce v. State,* 121 N.M. 212, 231, 910 P.2d 288, 307 (1995) (concluding that a challenged award of costs "[was] not authorized by statute or precedent"). The Supreme Court then stated that Section 38–6–4(B) was the statute applicable to costs "for any witness who qualifies as an expert and who testifies in the cause in person or by deposition." *Jimenez,* 107 at 327, 757 P.2d at 797 (internal quotation marks omitted). Relying upon the plain language of the statute, the Court concluded that because the experts had not testified, Section 38–6–4(B) did not authorize their fees being taxed as costs. *Id.*

{7} In this case, Plaintiffs maintain that, although Section 38–6–4(B) allows a district court to award costs for the fees of expert witnesses who testify, the statute does not expressly prohibit the court from exercising its discretion to award fees when expert witnesses do not testify. This contention is not a reasonable view of the statute and is particularly untenable in light of the plain language in the statute. The section describes the two conditions that are to be met before fees for an expert witness may be taxed as costs: (1) the witness "qualifies as an expert" and (2) the witness "testifies in the cause in person or by deposition." Section 38–6–4(B); *accord Jimenez,* 107 N.M. at 327, 757 P.2d at 797. Although the witnesses in question may have been qualified as experts, thus meeting the first condition, it is undisputed that the

experts did not testify in person or in a deposition, leaving the second condition unmet. The district court did not err in its interpretation of Section 38–6–4(B). *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.23 (6th ed. 2000) ("A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way.").

{8} As we understand Plaintiffs' argument, they maintain that *Gillingham v. Reliable Chevrolet,* 1998–NMCA–143, 126 N.M. 30, 966 P.2d 197, should control on the question of award of costs for non-testifying experts. In support of this claim, they argue that *Gillingham* relied on *Dunleavy v. Miller,* 116 N.M. 353, 862 P.2d 1212 (1993), a case decided by the Supreme Court after *Jimenez.* They contend that *Dunleavy* demonstrated a move away from the *Jimenez* interpretation of costs. They base this claim on the statement in *Dunleavy* that a district court should exercise its discretion sparingly "when authorizing costs not specifically authorized by statute and precedent." *Dunleavy,* 116 N.M. at 362–62, 862 P.2d at 1221–22. However, the *Dunleavy* Court followed that statement by then listing those costs which have been authorized by statute and referred specifically to Section 38–6–4 as authorizing recovery of costs for an expert witness on liability and an expert witness on damages. *Id. Dunleavy* further observed that the statute also permitted additional expert witness fees if the district court finds " 'that the additional expert witness *testimony* was reasonably necessary to the prevailing party and the expert witness *testimony* was not cumulative.' " *Id.* (quoting Section 38–6–4) (emphasis added). Contrary to Plaintiffs' claim, *Dunleavy* does not stand for the principle that the expenses of non-testifying expert witnesses may be taxed as costs. Furthermore, the Supreme Court went on to caution the district courts to carefully scrutinize costs with an eye to reducing the burdensome cost of litigation. *Id.*

{9} In *Gillingham,* the appellant had challenged the award of costs by the district court, and this Court relied upon Section 38–6–4(B) to affirm an award of costs for the

fees of experts who testified at the trial, as authorized by the statute. *Id.* ¶¶ 25–26. However, the district court had also awarded costs for two potential expert witnesses who had not testified at the trial. *Id.* ¶ 27. With regard to the costs for those experts, the *Gillingham* Court did not rely again upon Section 38–6–4(B) or *Jimenez* for authority, but rather turned, without explanation, to *Bower v. Western Fleet Maintenance*, 104 N.M. 731, 739, 726 P.2d 885, 893 (Ct.App. 1986), to justify the award of costs for the expert witnesses who had not testified. *Gillingham*, 1998–NMCA–143, ¶ 27, 126 N.M. 30, 966 P.2d 197. The difficulty with relying upon *Bower* for authority is that *Bower* was not addressing costs for expert witnesses under Section 38–6–4(B). Instead, it dealt with expert witness fees under a then valid provision of the Workers' Compensation Act. *Bower*, 104 N.M. at 738, 726 P.2d at 892 (relying on NMSA 1978, § 52–1–35(B) (1983)). However, the relevant part of Section 52–1–35(B) begins with the language "[n]otwithstanding the provisions concerning expert witness fees as provided in Section 38–6–4 NMSA 1978[.]" This provision upon which the holdings of *Bower* and then *Gillingham* rested was, as it plainly states, an exception to the requirements contained in Section 38–6–4(B) intended to accomplish the purposes of the Workers' Compensation Act. Moreover, Section 52–1–35(B) has since been repealed. *See* 1986 N.M. Laws ch. 22, § 102. In any event, because *Bower* was a workers' compensation case, it would not be controlling authority for a district court case governed by Section 38–6–4(B). *See Lopez v. Am. Airlines, Inc.*, 1996–NMCA–088, ¶ 8, 122 N.M. 302, 923 P.2d 1187 (stating that a case resting on a provision of the Workers' Compensation Act was not controlling authority for a case interpreting Rule 1–054). For these reasons, we do not find *Gillingham* to be controlling or persuasive authority on this question.

{10} Plaintiffs also assert that the district court found exceptional and unusual circumstances which led it to believe that in this case the fees for the non-testifying experts should be awarded as costs. The order does not reflect this claim. Additionally, we do not believe that the scheduling order in this case, requiring Plaintiffs to summarize the anticipated testimony of their expert witnesses, created an exceptional and unusual circumstance. *See* Rule 1–016 NMRA 2004.

**CONCLUSION**

{11} An award of costs for the fees of expert witnesses who do not testify in person or in a deposition is not authorized by New Mexico statute, the Rules of Civil Procedure, or competent case law. The district court did not have discretion under Section 38–6–4(B) to award as costs the fees for the non-testifying expert witnesses. We therefore affirm the district court's order denying those costs.

{12} **IT IS SO ORDERED.**

SUTIN and FRY, JJ., concur.