2005-NMSC-026

119 P.3d 163

Eric E. **FERNANDEZ** and Veronica R. Fernandez, Personal Representatives for the Estate of Leon A. Fernandez, Plaintiffs–Petitioners,

v.

**ESPANOLA PUBLIC SCHOOL DISTRICT** and the Board of Education for the Espanola Public School District, Defendants–Respondents.

No. 28,648.

Supreme Court of New Mexico.

Aug. 8, 2005.

Jose A. Sandoval, Espanola, NM, Bruce H. Stoltze, Des Moines, IA, for Petitioners.

Narvaez Law Firm, P.A., H. Nicole Werkmeister Albuquerque, NM, for Respondents.

## OPINION

SERNA, Justice.

{1} Petitioners–Appellants Eric E. Fernandez and Veronica R. Fernandez, personal representatives for the estate of Leon A. Fernandez, entered into a settlement agreement with Respondents–Appellees Espanola Public School District and the Board of Education for the Espanola Public School District for a wrongful death action. Appellants filed a cost bill with the district court that included expert witness fees. The trial court denied these fees, finding that it did not have the discretion to award expert witness fees as costs because none of the expert witnesses testified by deposition or at trial. Appellants appealed to the Court of Appeals, and the Court of Appeals, by unanimous opinion, affirmed the trial court. *Fernandez v. Espanola Pub. Sch. Dist.*, 2004–NMCA–068, 135 N.M. 677, 92 P.3d 689. This Court granted certiorari. We conclude that NMSA 1978, § 38–6–4(B) (1983) does not authorize the trial court to award expert witness fees as costs when the expert witness does not testify by deposition or at trial. Thus, we affirm the Court of Appeals and the trial court.

### I. Facts and Background

{2} Appellants accepted an offer of settlement from Appellees for $95,000 plus costs. Appellants requested costs of $89,274.25 for expert witness fees, and Appellees objected, arguing that such costs are precluded when the expert witnesses do not testify at trial or by deposition under the applicable statute. The district court ruled that it did not have the discretion to award the expert witness fees as costs because none of the witnesses testified in person or by deposition.

### II. Discussion

{3} The interpretation of a statute is an issue of law that we review de novo.

*State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). Our goal regarding statutory construction is to give effect to the intent of our Legislature. *Id.* We give the words of a statute their ordinary meaning in the absence of clear and express legislative intent to the contrary. *Id.*

{4} Section 38–6–4(B) provides:

> The district judge in any civil case pending in the district court may order the payment of a reasonable fee, to be taxed as costs, ... for any witness who qualifies as an expert and who testifies in the cause in person or by deposition. The additional compensation shall include a reasonable fee to compensate the witness for the time required in preparation or investigation prior to the giving of the witness's testimony.

Thus, the plain language of this statute sets out two requirements for recovery of expert witness fees as costs. First, Section 38–6–4(B) requires that the witness qualify as an expert. Second, relevant to the present matter, Section 38–6–4(B) requires that the expert witness testify, either "in the cause in person or by deposition." *Id.*

{5} This Court has previously addressed this issue. In *Jimenez v. Foundation Reserve Insurance Co.*, 107 N.M. 322, 323, 757 P.2d 792, 793 (1988), the trial court granted the plaintiff's motion for summary judgment. The plaintiff attempted to recover costs for the fees of two expert witnesses who did not testify but attended a hearing that was vacated. *Id.* at 323–24, 757 P.2d at 793–94. This Court held that "[t]he right of a prevailing party to recover costs incurred in litigation is by virtue of statutory authority, or by rule of the court as authorized by statute." *Id.* at 327, 757 P.2d at 797. We concluded that the statute applicable to expert witness fees authorized the fees as costs " 'for any witness who qualifies as an expert and who testifies in the cause in person or by deposition.' " *Id.* "Thus, there are two hurdles the prevailing party must overcome before costs ... will be allowed for a witness. First, the witness must qualify as an expert and, second, the expert must testify either at trial or by deposition." *Id.* We concluded that, because the

witnesses did not testify, the statute does not authorize recovery of their fees as costs. *Id.*

{6} Appellants argue that, even though Section 38–6–4(B) allows a district court to award as costs the fees of expert witnesses who testify, "it does not prohibit the district court from also exercising its discretion to award as costs the fees of experts who do not testify." The Court of Appeals concluded that "[t]his contention is not a reasonable view of the statute and is particularly untenable in light of the plain language in the statute." *Fernandez*, 2004–NMCA–068, ¶ 7, 135 N.M. 677, 92 P.3d 689. We agree. As the Court of Appeals concluded, "[a] statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way." *Id.* (quotation marks and quoted authority omitted). This Court has also frequently applied this principle. "Where authority is given to do a particular thing and a mode of doing it is prescribed, it is limited to be done in that mode; all other modes are excluded. This is a part of the so-called doctrine of expressio unius est exclusio alterius." *Bettini v. City of Las Cruces*, 82 N.M. 633, 635, 485 P.2d 967, 969 (1971) (quotation marks and quoted authority omitted), *quoted in City of Albuquerque v. N.M. Pub. Regulation Comm'n*, 2003–NMSC–028, ¶ 21, 134 N.M. 472, 79 P.3d 297. The plain language of Section 38–6–4(B) requires that a witness be qualified as an expert and testify in person or by deposition, conveying with these requirements the limitation on the district court's discretion to award costs for expert witnesses who do not testify. Interpreting the statute in order to allow a district court the discretion to award expert witness fees as costs for those who do not testify would render the requirement in Section 38–6–4(B) that an expert testify meaningless and superfluous. *See County of Bernalillo v. N.M. Pub. Regulation Comm'n (In re Adjustments to Franchise Fees)*, 2000–NMSC–035, ¶ 14, 129 N.M. 787, 14 P.3d 525 ("[S]tatutory language is not regarded as superfluous.").

{7} In addition to the plain language of Section 38–6–4(B), our precedent, *Jimenez*, has resolved this question. Appellants nonetheless argue that we should instead rely on

*Gillingham v. Reliable Chevrolet,* 1998–NMCA–143, 126 N.M. 30, 966 P.2d 197, that in turn relied on *Dunleavy v. Miller,* 116 N.M. 353, 862 P.2d 1212 (1993). Appellants argue that *Dunleavy* is a shift away from our holding in *Jimenez* that Section 38–6–4(B) does not authorize expert fees being taxed as costs when the experts do not testify. We reject this argument.

{8} This Court, in *Dunleavy,* stated that a trial court should exercise its "discretion sparingly when considering expenses not specifically authorized by statute and precedent." 116 N.M. at 363, 862 P.2d at 1222. Appellants argue that this statement allows for discretion in the district court to tax as costs experts' fees even when they do not testify. The problem with this argument is that Section 38–6–4 specifically authorizes costs for expert witness fees; thus, expert witness fee costs do not constitute "costs not specifically authorized by statute." As the Court of Appeals noted, *Fernandez,* 2004–NMCA–068, ¶ 8, 135 N.M. 677, 92 P.3d 689, *Dunleavy* in fact cited to Section 38–6–4 as an example of statutory authority for the recovery of costs for an expert witness. Appellants contend that, by discussing Section 38–6–4, this Court in *Dunleavy* "expressed no intent to modify, limit or restrict" the statement that a trial court should exercise its discretion sparingly when awarding costs not specifically authorized by statute. We disagree. By describing, in *Dunleavy,* Section 38–6–4 as specific "statutory authority" for the award of expert witness fees as costs, we necessarily excluded such costs from those we stated could be awarded sparingly in the court's discretion. On the other hand, nothing in *Dunleavy* supports Appellants' argument that this Court intended to limit or overrule *Jimenez's* interpretation of Section 38–6–4; in fact, we conclude that *Dunleavy* supports *Jimenez's* reading of the statute. In its discussion of Section 38–6–4, *Dunleavy* observed that the statute authorized district courts to "allow additional expert witness fees if [the district court] finds 'that the additional expert *testimony* was reasonably necessary to the prevailing party and the expert *testimony* was not cumulative.'" 116 N.M. at 363, 862 P.2d at 1222 (quoting Section 38–6–4) (emphasis added). *Dunleavy's*

use of the word "testimony," as a quotation from the statute, is consistent with *Jimenez's* conclusion that experts must testify in order for the costs to be recoverable as well as the plain language of Section 38–6–4(B) itself. As the Court of Appeals concluded, "*Dunleavy* does not stand for the principle that the expenses of non-testifying expert witnesses may be taxed as costs." *Fernandez,* 2004–NMCA–068, ¶ 8, 135 N.M. 677, 92 P.3d 689. Instead, *Dunleavy* supports the conclusion that expert witness fees may only be recovered as costs when the witness testifies.

{9} The Court of Appeals, in *Gillingham,* affirmed an award of costs for the fees of experts who testified at the trial as authorized by Section 38–6–4. 1998–NMCA–143, ¶¶ 25–26, 126 N.M. 30, 966 P.2d 197. The trial court, in *Gillingham,* also awarded costs for two potential expert witnesses who did not testify at trial. *Id.* ¶ 27. Rather than rely on the applicable statute, Section 38–6–4, and *Jimenez,* the Court of Appeals in *Gillingham* relied on an earlier Court of Appeals' opinion, *Bower v. Western Fleet Maintenance,* 104 N.M. 731, 739, 726 P.2d 885, 893 (Ct.App.1986). *Gillingham,* 1998–NMCA–143, ¶ 27, 126 N.M. 30, 966 P.2d 197. In the present matter, the Court of Appeals recognized that *Gillingham* erred in relying on *Bower,* because *Bower* did not address costs for expert witnesses under Section 38–6–4(B) but instead applied a provision of the Workers' Compensation Act that begins with the phrase, "'[n]otwithstanding the provisions concerning expert witness fees as provided in Section 38–6–4,'" which indicates that the Legislature was clearly creating an exception in the workers' compensation statute from Section 38–6–4. *Fernandez,* 2004–NMCA–068, ¶ 9, 135 N.M. 677, 92 P.3d 689 (quoted authority omitted). The Court also noted that the particular workers' compensation provision discussed in *Bower* has since been repealed. *Id.* Finally, the Court of Appeals noted that "because *Bower* was a workers' compensation case, it would not be controlling authority for a district court case governed by Section 38–6–4(B). *See Lopez v. Am. Airlines, Inc.,* 1996–NMCA–088, ¶ 8, 122 N.M. 302, 923 P.2d 1187 (stating that a case resting on a provision of the Workers' Com-

pensation Act was not controlling authority for a case interpreting Rule 1–054)." *Fernandez*, 2004–NMCA–068, ¶ 9, 135 N.M. 677, 92 P.3d 689. We agree. *Gillingham* erred by relying upon a workers' compensation case that addressed an inapplicable statute rather than the applicable statute, Section 38–6–4(B), and *Jimenez*, which is controlling precedent. We thus overrule *Gillingham* on this point.

{10} Contrary to Appellants' argument that *Dunleavy* could be viewed as a shift from our holding in *Jimenez*, we refer to our more recent opinion, *Pierce v. State*, 121 N.M. 212, 231, 910 P.2d 288, 307 (1995), in which this Court reaffirmed *Jimenez's* interpretation of Section 38–6–4. In *Pierce*, a party was awarded costs for expert witnesses where the witnesses did not testify; the party submitted two affidavits from the expert witnesses in support of a motion for summary judgment upon which the party ultimately prevailed. *Pierce*, 121 N.M. at 231, 910 P.2d at 307. The opposing party challenged the "costs because the two witnesses merely submitted affidavits, the affidavits did not contain sufficient information to qualify them as experts, and [the opposing party] did not have an opportunity to cross-examine them concerning their qualifications or findings." *Id.* This Court concluded that *Jimenez* "required that a witness qualify as an expert and testify either at trial or by deposition in order to support an award of expert witness fees," and held that the successful party was not entitled to the costs for those experts. *Id.* In *Pierce*, we recognized that we based our conclusion in *Jimenez* "on the fact that the 'right of a prevailing party to recover costs incurred in litigation is by virtue of statutory authority, or by rule of the court as authorized by statute.' " *Id.* (quoting *Jimenez*, 107 N.M. at 327, 757 P.2d at 797).

{11} Finally, we note that Rule 1–054(D)(2) NMRA 2005 provides that "[c]osts generally are recoverable only as allowed by statute, Supreme Court rule and case law," and that "expert witness fees for services" are generally recoverable "as limited by Section 38–6–4(B)." Although we recognize, as did the Court of Appeals, that this rule does not directly apply to the present matter be-cause Appellants filed their claim in November of 1998, and this portion of the rule was amended in 2000, effective February 2001, we conclude that it correctly sets out the law, and we view it as relevant to our interpretation of the statute at issue. Section 38–6–4(B) authorizes the recovery of expert witness fees as costs when the witness has testified at trial or by deposition.

### III. Conclusion

{12} Section 38–6–4(B) specifically authorizes a district court to award as costs the fees for expert witnesses when those witnesses testify in the cause in person or by deposition. The Court of Appeals correctly concluded that the district court did not have discretion under Section 38–6–4(B) to award as costs the fees for expert witnesses who did not testify at trial or by deposition. We thus affirm the Court of Appeals and the district court.

{13} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER and EDWARD L. CHÁVEZ, Justices.

RICHARD C. BOSSON, Chief Justice, specially concurring, PETRA JIMENEZ MAES, Justice, specially concurring.

BOSSON, Chief Justice (specially concurring).

{14} I reluctantly concur. I agree that the majority's opinion is a fair statement of the law, that our statutes, rules, and precedent do not authorize the district court to award expert witness fees as costs when the expert does not testify by deposition or at trial. Although I would prefer to interpret NMSA 1978, Section 38–6–4(B) (1983, as amended through 2001), as allowing a more discretionary role for the trial judge in awarding costs, I do not think *Dunleavy v. Miller*, 116 N.M. 353, 862 P.2d 1212 (1993), and *Gillingham v. Reliable Chevrolet*, 1998–NMCA–143, 126 N.M. 30, 966 P.2d 197, provide sound authority for this conclusion. Rather, our cases have strictly interpreted Section 38–6–4(B) as not authorizing expert fees as costs unless the witness qualifies as an expert and testifies by deposition or at trial. *See Pierce v. State*, 121 N.M. 212, 231, 910 P.2d 288, 307

(1995) (not allowing costs for expert witnesses who did not testify but submitted affidavits in support of a motion for summary judgment); *Jimenez v. Found. Reserve Ins. Co.*, 107 N.M. 322, 327, 757 P.2d 792, 797 (1988) (not allowing fees as costs for two experts who did not testify but attended a hearing that was vacated). I write separately to express my concern that Section 38–6–4(B) provides an awkward fit for a plaintiff such as this who enters into a settlement agreement, particularly after being ordered by the district court to summarize the anticipated testimony of his expert witnesses. For policy reasons, I think our courts need a rule that provides trial judges with discretion to award costs even when parties do not engage in full-blown litigation.

{15} Our rule for an offer of settlement, which was formerly called the offer of judgment rule, directs that a party shall be awarded costs if the party makes an offer of settlement that is not accepted and later obtains a more favorable judgment. *See* Rule 1–068(A) NMRA 2005 (as amended 2003). While a cost award is mandatory under the conditions specified in Rule 1–068(A), it is subject to Rule 1–054 NMRA 2005, which now expressly limits expert witness fees according to Section 38–6–4(B). *See* Rule 1–054(D)(2)(g) (as amended 2000). Thus, parties who rely on the offer of settlement rule may only recover expert witness fees as costs if the witnesses testify at trial or by deposition. Even though the purpose of awarding costs in Rule 1–068 is to provide additional incentive to settle, nothing in our rules allows parties to recover costs when they settle and avoid reaching more advanced stages of litigation.

{16} While I understand that our courts view Section 38–6–4(B) as limiting the district court's discretion, I am concerned that this rigid approach in the context of settlement agreements may actually hinder the policy of reducing the burdensome cost of litigation. A party who has reasonably and necessarily incurred considerable expense in preparation for trial may choose not to accept an offer of settlement for the sole reason that the party has no chance to recover costs for expert witness fees, costs that might be prohibitive, short of going to trial.

{17} I see no harm in a rule that allows more flexibility by allowing costs for expert witness fees to be awarded within the trial court's discretion for the work that went into reaching a compromise and avoiding litigation. Recognizing such discretion seems consistent with the legislative intent in Section 38–6–4 to allow additional compensation for expert witnesses beyond per diem and mileage expenses to include "a reasonable fee to compensate the witness for the time required in preparation or investigation prior to the giving of the witness's testimony." At present, that additional compensation is only allowed "for any witness who qualifies as an expert and who testifies in the cause in person or by deposition." Section 38–6–4(B). This rule, therefore, only contemplates awarding costs at advanced stages of litigation and does not account for settlement agreements.

{18} By only allowing costs when a witness testifies by deposition or at trial, we may actually encourage litigation contrary to the intent of the Legislature and the policy of this Court. In *Dunleavy*, we observed that the district court should carefully scrutinize all costs submitted by the prevailing party "in the interest of 'reducing insofar as possible the burdensome cost of litigation.'" 116 N.M. at 363, 862 P.2d at 1222. This same expression of policy should apply in settlement agreements. In my mind, allowing the district court discretion to award costs as part of a settlement is consistent with the policy of promoting offers of settlement, allowing liberal discovery, and discouraging litigation. "The district court's exercise of sound judicial discretion in taxing expenses as costs thus should be informed by considerations of promoting economy in litigation." *Id.*

{19} For these reasons, though I agree that the majority's opinion that Section 38–6–4(B) as interpreted by our courts only authorizes the recovery of expert witness fees as costs when the witness has testified at trial or by deposition, I think considerations of promoting economy in litigation require giving district courts more discretion to award costs when parties enter into a settlement agreement. This Court could accom-

plish this goal by adopting a rule that would allow the district court discretion to award additional compensation to "include a reasonable fee to compensate the witness for the time required in preparation or investigation prior to the giving of the witness's testimony," Section 38–6–4(B), without requiring the witness to testify.

{20} Rules should not be straight jackets that undermine an important policy goal to discourage and expedite litigation. We should allow room for judicial discretion in situations that involve alternatives to litigation, which I contend are exceptional situations not contemplated by the Legislature in Section 38–6–4. Section 38–6–4 only addresses trial-type situations and is out of synch with our offer of settlement rule. If the only way we allow costs is by going to trial, then we circumvent exactly what we encourage in the offer of settlement rule. I believe the district court, if given discretion, is in a good position to make an honest assessment of the work that went into reaching a compromise. We need a rule that allows more play in the joints instead of dictating that the only way district courts can award costs is by nothing short of trial.

I CONCUR: PETRA JIMENEZ MAES, Justice.