2008-NMCA-013

176 P.3d 1136

**H–B–S PARTNERSHIP, a New Mexico general partnership; Arnold Horwitch; Burton Horwitch; Elliott Horwitch; and Stuart C. Sherman, Plaintiffs–Appellees,**

v.

**AIRCOA HOSPITALITY SERVICES, INC., a Delaware corporation, Defendant–Appellant.**

**No. 26,601.**

Court of Appeals of New Mexico.

Nov. 26, 2007.

See also 137 N.M. 626, 114 P.3d 306.

Eaves & Mendenhall, P.A., John M. Eaves, Karen S. Mendenhall, Albuquerque, NM, for Appellees.

Keleher & McLeod, P.A., Spencer Reid, Thomas C. Bird, Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} In this appeal, we resolve a conflict between the Rules of Civil Procedure and local district court rules pertaining to the time for filing a cost bill in favor of the Rules of Civil Procedure. We also address the district court's discretion under Rule 1–001 NMRA. We conclude that the district court had the discretion to award costs that were requested one day after the time limit of the Rules of Civil Procedure but within the time permitted by the local district court rules under its discretion granted by Rule 1–006(B)(2) NMRA to extend the time for filing for excusable neglect. We affirm.

### INCONSISTENCY IN THE RULES

{2} The parties, H–B–S Partnership, Arnold Horwitch, Burton Horwitch, Elliott Horwitch, and Stuart C. Sherman (HBS) and AIRCOA Hospitality Services, Inc. (AHS), engaged in lengthy litigation resulting in trial before the district court over the right of first refusal provision of the parties' partnership agreement. The district court concluded that the provision had been activated and entered judgment in favor of HBS for the price of exercising the right of first refusal with adjustments for distributions and interest. Both sides filed notices of appeal, and this Court affirmed the district court on appeal. *H–B–S P'ship v. AIRCOA Hospitality*

*Servs., Inc.,* 2005–NMCA–068, 137 N.M. 626, 114 P.3d 306.

{3} Sixteen days after the district court entered its judgment, HBS filed a cost bill. The filing was within the twenty days allowed by Local Rule 1–307 NMRA, but it was outside the fifteen days permitted by Rule 1–054(D)(4) NMRA of the Rules of Civil Procedure. AHS objected to its timeliness. The district court undertook the issue on remand and awarded HBS costs. It rejected AHS's timeliness objection based on its exercise of discretion to "interpret the rules in a way that secure[s] the just, speedy and inexpensive determination" of the case.

{4} We initially address the inconsistency of the provisions, which are essentially identical except for their time frames for filing. We then turn to the district court's discretion in interpreting the timeliness of the cost bill under Rules 1–001 and 1–006.

{5} LR1–307 reads:

Within twenty (20) days after filing of final judgment, the party recovering costs shall file with the clerk of the court an itemized and verified cost bill, with proof of service of a copy on opposing counsel. Any party failing to file a cost bill within the said twenty (20) days shall be deemed to have waived costs. If no objections are filed within ten (10) days after service of the cost bill, the clerk of the court shall tax the claimed costs which are allowable by law. The judge shall settle any objections filed.

Rule 1–054(D)(4) reads:

Within fifteen (15) days after filing of the final judgment, the party recovering costs shall file with the clerk of the district court an itemized cost bill, with proof of service of a copy on opposing counsel. Any party failing to file a cost bill within fifteen (15) days after the filing of the final judgment shall be deemed to have waived costs. If no objections are filed within ten (10) days after service of the cost bill, the clerk of the district court shall tax the claimed costs which are allowable by law. The judge shall settle any objections filed.

Our analysis requires us to interpret these rules along with Rule 1–083 NMRA. We do so in the same manner that we approach the interpretation of legislative enactments, by seeking to determine the underlying intent. *See Roark v. Farmers Group, Inc.,* 2007–NMCA–074, ¶ 50, 142 N.M. 59, 162 P.3d 896 ("We apply the same rules to the construction of Supreme Court rules of procedure as we apply to statutes.") (internal quotation marks and citation omitted), *cert. denied,* 2007–NMCERT–006, 142 N.M. 16, 162 P.3d 171 Our review is de novo because the interpretation of rules is a question of law. *State v. Gutierrez,* 2006–NMCA–090, ¶ 7, 140 N.M. 157, 140 P.3d 1106, *cert. denied,* 2006–NMCERT–008, 140 N.M. 422, 143 P.3d 184.

**HISTORY OF THE RULES**

{6} The history of these rules is relevant to our analysis. LR1–307 was adopted prior to September 1993, when it was recompiled. At that time, the Supreme Court rule enabling individual rules of the district courts permitted each district court to adopt rules of practice in civil cases that were "not inconsistent" with the Rules of Civil Procedure. Rule 1–083 NMRA 1993 (amended 1997, 1999); *see also Spingola v. Spingola,* 91 N.M. 737, 745, 580 P.2d 958, 966 (1978) ("By means of Rule 83 we have delegated to the district courts the power to promulgate rules, not inconsistent with ours, regarding practice in the local courts."). To do so, the district court had to provide copies of the proposed rules to the Supreme Court and the chair of the Supreme Court's Rules of Civil Procedure Committee. Rule 1–083 NMRA 1993. The committee had the obligation to review proposed local rules for conflicts with the Rules of Civil Procedure and to notify the Supreme Court and the chief judge of the district court of any such conflict that it identified. *Id.* The district court could promulgate a proposed rule if there was no notice of a conflict. *Id.* As to the issue in this case, no local rule was allowed if it "provide[d] for a different time period for filing any pleading or paper than a time period set forth in" the Rules of Civil Procedure. *Id.*

{7} In 1998, the Supreme Court made revisions to Rule 1–083, which became effective on January 1, 1999. Under the revised rule, which is the version that is currently in force, a district court may recommend local rules governing procedure in civil cases to

the Supreme Court. Rule 1–083(A). The Rules of Civil Procedure Committee must review any proposed rule "for content, appropriateness, style and consistency with the other local rules, statewide rules and forms and the laws of New Mexico" and must make recommendations to the Supreme Court. *Id.* Any proposed local rule must be approved by the Supreme Court before it takes effect. *Id.* The current rule contains a provision that requires local rules "not [to] conflict with, duplicate or paraphrase statewide rules or statutes." *Id.*

{8} The Supreme Court did not add Paragraph (D)(4) to Rule 1–054 until 1999. Thus, when the First Judicial District Court adopted it, LR1–307 did not conflict with any rule of statewide application, and the revision of Rule 1–083 did not create any conflict. Of course, when it added Paragraph (D)(4) of Rule 1–054 in 1999, the Supreme Court did not have to follow the procedure of Rule 1–083 because it was not adding a local rule at that time.

**INTERPRETATION OF THE RULES**

██ {9} HBS argues on appeal that the revision of Rule 1–083 mandates the continued vitality of LR1–307 notwithstanding the adoption of Paragraph (D)(4) in Rule 1–054. HBS recognizes the language of the revised rule that no local rule may "conflict with, duplicate or paraphrase" a statewide rule, but it contends that the Supreme Court's adoption of LR1–307 establishes that the rule does not "conflict with, duplicate or paraphrase" Rule 1–054(D)(4), enabling both rules to coexist. HBS is correct that, with the revision of Rule 1–083, the Supreme Court took over the authority to promulgate local rules. However, HBS's argument presupposes that the Supreme Court adopted or promulgated LR1–307 after it revised Rule 1–083. The Supreme Court took no such action. LR1–307 is a local rule that was adopted under the procedure of the prior version of Rule 1–083 in which the Supreme Court did not act to approve proposed local rules that did not conflict with statewide rules. Indeed, LR1–101 NMRA states that the local rules of the First Judicial District Court, including LR1–307, were "adopted and promulgated" by the judges of the First Judicial District Court, not by the Supreme Court.

██ {10} Because there is no indication that the Supreme Court approved LR1–307, we consider only the Rules of Civil Procedure in order to give effect to the Supreme Court's intent. *See Roark*, 2007–NMCA–074, ¶ 50, 142 N.M. 59, 162 P.3d 896 ("In interpreting [rules], we seek to give effect to the [enacting authority's] intent.") (alterations in original) (internal quotation marks and citation omitted). In this effort, we read the rules as a whole. *See State v. Padilla*, 2006–NMCA–107, ¶ 11, 140 N.M. 333, 142 P.3d 921 ("To search for legislative intent, we look at the overall structure and function of the statute in the comprehensive legislative scheme, we consider any particular provision in reference to the statute as a whole as well as to other statutes dealing with the same subject, and we strive to read different enactments as harmonious."), *cert. granted*, 2006–NMCERT–008, 140 N.M. 424, 143 P.3d 186; *see also State v. Stephen F.*, 2006–NMSC–030, ¶ 17, 140 N.M. 24, 139 P.3d 184 (applying the rule of construction that statutes are to be read as a whole to a Supreme Court rule). We give effect to the plain meaning of a rule if its language is clear and unambiguous. *Gutierrez*, 2006–NMCA–090, ¶ 7, 140 N.M. 157, 140 P.3d 1106. Rule 1–054(D)(4) is clear and unambiguous in its requirement that a cost bill be filed within fifteen days after the entry of a final judgment. Rule 1–083 describes the procedure for approval of local rules. Although the revision to Rule 1–083 removed the language concerning conflicts between local and statewide rules regarding filing time periods, the revised rule did not abandon the prohibition. Instead, it speaks in more general terms, prohibiting any conflict. In doing so, it states the intent of the Supreme Court that statewide rules, the Rules of Civil Procedure, prevail over conflicting local rules. With this statement of intent, we do not believe that a local rule that was adopted before Rule 1–083 was revised can take precedence over, or even coexist with, a later adopted statewide rule with which it conflicts. Without Supreme Court approval of the local rule, the local rule cannot have the same standing as the statewide rule. The intent stated in Rule 1–083 prohibiting conflict indicates that the Supreme Court desired uniformity in state-

wide rules, thus precluding the application of a conflicting local rule.

## DISCRETION UNDER RULE 1–001

{11} As a result, we do not agree with HBS that LR1–307 is the applicable rule in this case. As the statewide rule adopted by the Supreme Court, Rule 1–054(D)(4) superceded LR1–307 when it was adopted. HBS did not file a timely cost bill in this case. We therefore must consider whether the lack of timeliness requires reversal.

{12} The district court observed the inconsistency between the rules and, without determining which rule applied, ruled that the cost bill was timely. The district court stated:

I do so primarily based on the trial court's ability to interpret the rules in a way that secure[s] the just, speedy and inexpensive determination of every action.

. . . When we have a situation here where 54(D)(4) is, on its face, seems to be in conflict with the Local Rule, I think it's incumbent upon the Court to exercise its discretion to achieve the goals that exist behind the various rules. And recovery of costs is an important goal in connection with litigation to encourage settlement, to provide some relief to the prevailing party in litigation.

So, I think, in general terms of justice, it would be inappropriate to preclude the recovery of costs here where the rules seem somewhat inconsistent. So to the extent I have discretion, I'm exercising it to allow consideration of these costs.

{13} Rule 1–001(A) provides that the Rules of Civil Procedure "shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Generally, this construction enables our district courts to adjudicate on the merits rather than on technicalities of procedure. *See Las Luminarias of the N.M. Council of the Blind v. Isengard,* 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App.1978). The rule is essentially identical to its counterpart in the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 1 ("[The Federal Rules of Civil Procedure] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").

{14} We address in this case the tension between the need for flexibility in the rules in order to ensure a "just, speedy and inexpensive determination," Rule 1–001(A), and the need for regularity and uniformity inherent in the adoption of procedural rules. We resolve this tension by observing the limitations of a rule of construction.

{15} Both Rule 1–001 and its federal counterpart state only a rule of construction. Rules of construction apply when the rules to which they relate are not clear and require construction. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters.,* 498 U.S. 533, 540–41, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (applying a plain meaning rule of statutory construction to a Federal Rule of Civil Procedure and concluding that "our inquiry is complete if we find the text of the Rule to be clear and unambiguous"); *see also Weiser v. Albuquerque Oil & Gasoline Co.,* 64 N.M. 137, 142, 325 P.2d 720, 723 (1958) ("We have held that a statute is subject to construction and interpretation only when its meaning is not clear."). A rule of construction does not displace or supplant the underlying body of rules. *See Quintana v. Knowles,* 113 N.M. 382, 385, 827 P.2d 97, 100 (1992) ("[R]ules of construction cannot supplant the plain command of the language of a statute."). Thus, although Rule 1–001 allows the district court to exercise its discretion to effect a "just, speedy and inexpensive determination" of a case, when the rules are clear, the district court does not have the discretion to engage in construction. *See Schlagenhauf v. Holder,* 379 U.S. 104, 121, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) ("The Federal Rules of Civil Procedure should be liberally construed, but they should not be expanded by disregarding plainly expressed limitations."). If Rule 1–001 conveyed such broad discretionary authority, the district courts would not be bound by the Rules of Civil Procedure because they would be able to deviate from the rules whenever they believed that the application of a mandate in a specific rule, no matter how clear, did not result in a "just, speedy and inexpensive determination" of a case. With such a construction, the Rules of Civil Procedure would not be rules, but merely guidelines. Rule 1–001, although intended to allow for the liberal construction of

the rules, does not contemplate such discretion that would eviscerate the regularity and uniformity of procedure that accompanies the Rules of Civil Procedure.

{16} The application of the federal rule by other courts illustrates this intent. The federal circuit courts have most commonly utilized the rule to liberally construe or allow the amendment of pleadings, *see, e.g., Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1561–62 (9th Cir.1987) (allowing the amendment of a complaint in part because it was "wholly consistent with the purpose of the Federal Rules of Civil Procedure," as described in Rule 1), to explain the basis for summary judgment proceedings, *see, e.g., Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1118 (8th Cir.2006) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action.") (internal quotation marks and citations omitted), and to construe rules concerning discovery and default. *See, e.g., Coon v. Grenier*, 867 F.2d 73, 75–76 (1st Cir.1989).

{17} Similarly, New Mexico appellate opinions have recognized, without citing Rule 1–001, the flexibility of the Rules of Civil Procedure. *See, e.g., Prager v. Prager*, 80 N.M. 773, 776, 461 P.2d 906, 909 (1969) (stating that the Rules of Civil Procedure "are to be liberally construed so as to guarantee bona fide complaints to be carried to an adjudication on the merits"); *Benson v. Export Equip. Corp.*, 49 N.M. 356, 359, 164 P.2d 380, 382 (1945) (noting that the "prime purpose of the new rules is to eliminate delays resulting from reliance upon pure technicalities and generally to streamline and simplify procedure so that the merits of the case might be reached"); *Maxey v. Quintana*, 84 N.M. 38, 40, 499 P.2d 356, 358 (Ct. App.1972) (observing that "[o]ne of the principal purposes of the Rules of Civil Procedure" is the simplification of procedures and speedy determination of the merits of a case). However, these applications have allowed courts the flexibility to address ambiguity in a rule that would allow alternative outcomes. *Cf. Natural Res. Def. Council, Inc. v. Muszynski*, 268 F.3d 91, 98 (2d Cir.

2001) ("If the plain meaning of a statute is susceptible to two or more reasonable meanings, i.e., if it is ambiguous, then a court may resort to the canons of statutory construction."). When there is no ambiguity, rules are applied without construction. *See State ex rel. Helman v. Gallegos*, 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994) ("[I]f the meaning of a statute is truly clear—not vague, uncertain, ambiguous, or otherwise doubtful—it is of course the responsibility of the judiciary to apply the statute as written and not to second-guess the legislature[ ].").

{18} The inconsistency between LR1–307 and Rule 1–054(D)(4) does not directly trigger the district court's discretion under Rule 1–001. The inconsistency was not insurmountable. The parties' arguments expressly raised the issue of inconsistency for the district court to decide. We presume that if the district court had addressed the issue, it would have concluded, as we have in this opinion, that Rule 1–054(D)(4) prevails. With this conclusion, the issue before the district court would have shifted to the enforcement of Rule 1–054(D)(4), which is a clear mandate under the Rules of Civil Procedure that a party must file a bill of costs within fifteen days of the filing of a judgment or waive costs. In its direct application, Rule 1–001 does not extend as far as the district court stretched it in this case.

{19} There is, however, a place for the exercise of judicial discretion and the application of Rule 1–001 in this analysis. We will affirm the district court if it is right for any reason, even if that reason is not expressly relied on by the district court, "unless it would be unfair to [the] appellant to do so." *Meiboom v. Watson*, 1998–NMCA–091, ¶ 13, 125 N.M. 462, 963 P.2d 539, *rev'd on other grounds*, 2000–NMSC–004, 128 N.M. 536, 994 P.2d 1154.

{20} Rule 1–006(B) gives the district court the discretion to extend the time for a party to act under the Rules of Civil Procedure. Under Paragraph (B)(1) of Rule 1–006, the district court may extend the time frame prescribed by a rule upon request made prior to the expiration of the specified time period, with or without a motion or notice. Under Paragraph (B)(2), the district court may ex-

tend the time frame prescribed by a rule after the expiration of the specified period upon motion "where the failure to act was the result of excusable neglect." Thus, a party who misses a filing deadline because of a conflict between the Rules of Civil Procedure and a local rule may move the district court to exercise its discretion under Rule 1–006(B)(2) to extend the time for the filing.

{21} Although HBS relied solely on its belief that LR1–307 controlled the filing of its bill of costs and did not move the district court under Rule 1–006(B)(2), the district court had a different view of the filing from HBS. The district court recognized the conflict or inconsistency in the rules and determined to exercise its discretion in order to reach the merits of the cost request. In effect, the district court found that the conflict or inconsistency in the rules gave rise to excusable neglect in relying on LR1–307 to file the cost bill.

{22} Although HBS did not file a motion under Rule 1–006(B)(2), we believe that the district court acted as if it had such a motion before it. In acting on such a motion, the district court would have had to decide whether it was excusable neglect in order to rely on LR1–307. In construing Rule 1–006(B)(2) to ascertain the meaning of "excusable neglect," the district court could have properly looked to the philosophy of the rules as stated in Rule 1–001. It did so in deciding to consider the merits of the cost bill. Because the district court intended to act within the full scope of its discretion, upon our consideration of the discretion available to it under Rule 1–006(B)(2), we conclude that the district court did not abuse its discretion in reaching the merits of HBS's cost bill.

**MERITS OF THE COST BILL**

{23} We therefore turn to the merits of AHS's arguments regarding HBS's bill of costs. The district court awarded costs of $39,840.68. AHS challenged the following costs: $1242.00 for transcripts, $631.00 for photocopy and staff expenses, $16,827.00 for expert fees, and $1762.00 for depositions.

 {24} District courts have the discretion to grant a prevailing party the necessary and reasonable costs incurred in litigating a case. *Dunleavy v. Miller*, 116 N.M. 353, 362–63, 862 P.2d 1212, 1221–22 (1993);

*Gillingham v. Reliable Chevrolet*, 1998–NMCA–143, ¶ 25, 126 N.M. 30, 966 P.2d 197, *overruled on other grounds by Fernandez v. Espanola Pub. Sch. Dist.*, 2005–NMSC–026, 138 N.M. 283, 119 P.3d 163. "Costs generally are recoverable only as allowed by statute, Supreme Court rule and case law." Rule 1–054(D)(2). We therefore expect district courts to exercise their discretion sparingly with regard to costs that are not specifically authorized. *Dunleavy*, 116 N.M. at 363, 862 P.2d at 1222. When awarding "unusual items as costs," the district court "should explain the circumstances justifying the award." *Gillingham*, 1998–NMCA–143, ¶ 25, 126 N.M. 30, 966 P.2d 197.

{25} Rule 1–054(D) addresses each of the costs at issue in this case. It provides that transcript fees requested or approved by the district court, expert fees for witnesses who testify in the case at trial or at a deposition, and costs for depositions used in any part at trial are generally recoverable. Rule 1–054(D)(2)(d)–(e), (g); *see also* NMSA 1978, § 38–6–4(B) (1983). It further provides that photocopying and staff expenses are not generally recoverable. Rule 1–054(D)(3)(a), (f). We discuss each request in turn.

 {26} HBS requested transcript costs from official court reporters for portions of the proceedings. In allowing the request, the district court adopted the argument that HBS made in its response to AHS's objections. In that response, HBS cited *Key v. Chrysler Motors Corp.*, 2000–NMSC–010, ¶ 19, 128 N.M. 739, 998 P.2d 575, to support its contention that the district court had the discretion to allow such costs. *Key* indicates that transcript costs have been "historically recoverable." *Id.* As amended in 2000, Rule 1–054(D)(2)(d) added a list of costs that are generally recoverable. Included in this list are "transcript fees including those for daily transcripts and transcripts of hearings prior or subsequent to trial, when requested or approved by the court." *Id.*

{27} AHS contends that the requested transcript costs at issue are not covered by Rule 1–054(D)(2)(d) because the district court did not request or approve them. Indeed, the record does not reflect any such prior request or approval. However, Rule 1–

054(D)(2)(d) does not expressly require prior court approval, and we consider the language requiring court approval to be ambiguous as to timing. Certainly, if the district court gave its approval at the time a party ordered transcripts, there would be no question about approval. But, we do not consider such a requirement to be procedurally efficient. Moreover, we do not believe that the Supreme Court intended to deviate from its position that transcript costs are "historically recoverable," *Key*, 2000–NMSC–010, ¶ 19, 128 N.M. 739, 998 P.2d 575, when it amended Rule 1–054(D) in 2000. The district court exercised its discretion to approve the transcript costs in this case when it approved the cost bill. We see no abuse of discretion and affirm the district court's allowance of transcript costs.

{28} We next consider expert witness fees, photocopy expenses, and staff expenses together. HBS's request for costs included the fees of its expert witness, Tom Burrage, CPA. The photocopy and staff expenses were for Burrage's investigation in his preparation to testify as an expert witness. At the hearing on the cost bill, the district court expressly addressed AHS's challenge to these costs, which argued that Burrage and his staff were acting as support staff of counsel rather than in expert witness capacities. The district court concluded that Burrage's work was for the creation of his expert opinion and that it would allow the ordinary expenses in connection with the creation of that opinion, including support staff expenses. Because the district court affirmatively explained its reasons justifying any deviation from Rule 1–054(D)(2), we affirm its allowance of the expert, photocopy, and staff costs. *See Gillingham*, 1998–NMCA–143, ¶ 25, 126 N.M. 30, 966 P.2d 197.

{29} AHS also argues that the fees that were incurred related to the time that Burrage spent "waiting" for a non-party to produce documents that were expected to aid him in his preparation to testify were wrongly awarded. In making this assertion, AHS relies on Section 38–6–4(B), which allows additional compensation to trial witnesses "for the time required in preparation or investigation prior to the giving of the witness's testimony." AHS argues that there is no "clear relation" between these costs and Burrage's preparation for trial. We disagree. Burrage was forced to wait for the production of the documents, which he needed to prepare for the testimony that he later gave. Any costs that were incurred as a result of the delay are recoverable under Section 38–6–4(B). We affirm the district court's award.

{30} We lastly consider HBS's request for deposition costs. Again, the district court adopted HBS's response to AHS's objections to the cost bill in allowing these costs. According to HBS, the request involved depositions that were used for the preparation of HBS's examination of witnesses at trial. In its reply brief on appeal, AHS contends that HBS has not provided "authority for the conclusion that deposition transcripts helpful to a party in preparing an examination of a witness at trial has been 'used' at trial" in order to justify cost recovery. We agree that Rule 1–054(D)(2) is ambiguous regarding the meaning of "use" at trial. However, it is AHS, not HBS, that has the burden in its appeal to provide authority for its argument. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) ("We have long held that to present an issue on appeal for review, an appellant must submit argument *and authority*."). It has not done so. As a result, we do not consider the argument and affirm the district court's conclusion allowing these costs. *See id.* ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority.").

## CONCLUSION

{31} We affirm the district court's allowance of HBS's cost bill.

{32} **IT IS SO ORDERED.**

WE CONCUR: IRA ROBINSON, and MICHAEL E. VIGIL, Judges.