# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2022-NMCA-011**

**Filing Date: September 30, 2021**

**Nos. A-1-CA-38952 and A-1-CA-38967**
**(consolidated for purpose of opinion)**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**JUELISSA LARAYANA**
**FAITH MCWHORTER**
**a/k/a JUELISSA BROWN,**

     Defendant-Appellee.

and

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**CHRISTIAN CASTANEDA,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel J. Gallegos, District Judge**

Certiorari Denied, January 6, 2022, No. S-1-SC-39047. Released for Publication March 22, 2022.

Hector H. Balderas, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellees

**OPINION**

**HANISEE, Chief Judge.**

**{1}** This Court issued an opinion on September 29, 2021, which is hereby withdrawn and replaced with this opinion. In this consolidated opinion,[1] we interpret a provision of the second judicial district court's special pilot rule governing time limits in criminal cases, Rule LR2-308 NMRA. The State appeals the district court's orders dismissing charges against Defendants Juelissa McWhorter and Christian Castaneda without prejudice, arguing that the district court erred in relying on the date the bind-over orders for Defendants were filed in metropolitan court rather than in district court, and abused its discretion in dismissing the charges in both cases. For the reasons that follow, we reverse.

**BACKGROUND**

**{2}** On December 14, 2019, McWhorter was arrested and charged with two counts of possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23(A) (2019, amended 2021), and one count of possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A) (2019). McWhorter remained in custody until February 26, 2020, when she agreed to waive her preliminary examination and plead guilty to one count of attempted drug possession. On that same day, the bind-over order for McWhorter was filed in metropolitan court, noting that McWhorter would remain in custody until arraignment. The bind-over order was not filed in district court until March 2, 2020.

**{3}** On February 11, 2020, Castaneda was arrested and charged with possession of heroin, contrary to NMSA 1978, Section 30-31-23(A) (2019, amended 2021).[2] On February 12, 2020, the State filed an expedited motion for pretrial detention of Castaneda. On February 26, 2020, the bind-over order for Castaneda was filed in metropolitan court, noting that Castaneda would remain in custody until arraignment. The bind-over order was not filed in district court until March 2, 2020.

**{4}** Arraignment was scheduled in both cases for March 10, 2020, at which time the district court, on motions from Defendants, dismissed the charges against Defendants without prejudice because more than seven days had passed since the bind-over orders for each Defendant were filed in metropolitan court. Under Rule LR2-308(B)(1), when a defendant is in custody, as Defendants were here, arraignment "shall be held not later

---

[1]This opinion consolidates two appeals: Case Nos. A-1-CA-38967 and A-1-CA-38952. Because these cases each raise the same determinative issue, we consolidate the cases for decision. *See* Rule 12-317(B) NMRA.

[2]Castaneda was charged as well with aggravated battery against a household member, contrary to NMSA 1978, Section 30-3-16(C) (2018), but the State did not pursue this charge in light of Castaneda's waiver of his right to a preliminary hearing.

than seven (7) days after the filing of the bind-over order, indictment, or date of arrest, whichever is later." The district court order set forth the requirements from LR2-308(B)(1) as well as an explanation of the procedural timeline in each case, but did not include any further findings regarding its order of sanctions for violation of the rule. The State appeals the district court's orders dismissing the charges in both cases.

**DISCUSSION**

**{5}**     The State's primary argument in both cases is that the district court erred in relying on the bind-over order's filing date in metropolitan court instead of its filing date in district court. Had the district court relied on the bind-over order's filing date in district court, the State contends, arraignment would have occurred within the seven-day timeline required by LR2-308. The State argues in the alternative that even if the district court properly relied on the bind-over order's metropolitan court filing date, the district court abused its discretion by dismissing the charges without prejudice as a sanction for violating Rule LR2-308. We address each argument in turn.

**I.     The District Court Did Not Err in Relying on the Bind-Over Order's Metropolitan Court Filing Date in Determining That the Delay in Filing Violated LR2-308 and Warranted Dismissal**

**{6}**     In interpreting LR2-308, we adopt the same approach as when we interpret legislative enactments, that is by "seeking to determine the underlying intent" of the rule. *H-B-S P'ship v. Aircoa Hosp. Servs., Inc.*, 2008-NMCA-013, ¶ 5, 143 N.M. 404, 176 P.3d 1136. "Since the issues we address involve interpretation of court rules . . ., our standard of review is de novo." *State v. Lohberger*, 2008-NMSC-033, ¶ 18, 144 N.M. 297, 187 P.3d 162. "[W]e will give effect to the plain meaning of the rule if its language is clear and unambiguous[,]" and "[w]e will read all parts of the rule together to determine its intent." *State v. Montoya*, 2011-NMCA-009, ¶ 8, 149 N.M. 242, 247 P.3d 1127 (internal quotation marks and citation omitted).

**{7}**     To resolve the State's first argument, we analyze whether LR2-308 requires the district court to rely on a bind-over order's filing date in metropolitan court or district court when, as in this case, those filing dates are distinct. The rule does not specify to which court's filing date it refers. Rather, LR2-308(B)(1) states that "the arraignment of a defendant in custody at the Bernalillo Metropolitan Detention Center on the case to be arraigned shall be held not later than seven (7) days after the filing of the bind-over order, indictment, or date of arrest, whichever is later[.]" Here, of those possible dates, the filing of the bind-over orders in the metropolitan and district courts were the latest procedural events in either case prior to Defendants' scheduled arraignments. However, the rule only contemplates a *single* bind-over filing date—not a potential scenario like that in this case where there are two distinct bind-over order filing dates. There is no language in LR2-308(B)(1) that could indicate an intent to consider multiple bind-over order filing dates.

**{8}** Moreover, while LR2-308(B)(1) does not contemplate multiple bind-over filing dates or specify to which court's filing date it refers, other provisions of LR2-308 specifically refer to and rely on particular, alternative dates within a case's proceedings that may affect scheduling and time limits. *See* LR2-308(G)(1)-(10) (specifying dates that shall be considered "triggering events" that may "extend the time limits for commencement of trial" and allow for amended scheduling orders). An axiomatic principle of statutory interpretation is that "the Legislature knows how to include language in a statute if it so desires." *State v. Greenwood*, 2012-NMCA-017, ¶ 38, 271 P.3d 753 (alteration, internal quotation marks, and citation omitted). Applying the principles of statutory interpretation to our analysis, *H-B-S P'ship*, 2008-NMCA-013, ¶ 5, we presume that the omission of specific filing dates for either district or metropolitan courts in LR2-308(B)(1) was intentional, given that LR2-308(G)(1)-(10) includes specific, alternative dates that may affect a particular case's proceedings. *See State v. Jade G.*, 2007-NMSC-010, ¶ 28, 141 N.M. 284, 154 P.3d 659 (explaining that "when the Legislature includes a particular word in one portion of a statute and omits it from another portion of that statute, such omission is presumed to be intentional").

**{9}** Our primary goal in analyzing the language in LR2-308(B)(1) is to "determine the underlying intent" of the rule. *H-B-S P'ship*, 2008-NMCA-013, ¶ 5. LR2-308 governs time limits for criminal proceedings, and LR2-308(B)(1) provides an expedited timeline in which arraignment must occur when a defendant is in custody. In part, LR2-308 is intended to limit the time a defendant remains in custody. It follows that consequently the timeline should run from the decision to keep the defendant in custody—here, the filing date in metropolitan court—and not from the filing date in the district court. Moreover, the district court filing date is inherently variable—as evinced in this case where the district court filing date happened to occur later than the metropolitan court filing date—and reliance on such an inherently variable date would undercut the specific number of days a defendant could remain in custody as set forth by the rule.

**{10}** Indeed, were we to conclude that the district court filing date controls when a bind-over order is filed in metropolitan and district court on different dates, as the State asks us to do, the district court filing date could potentially occur significantly later than the metropolitan court filing date and a defendant would necessarily remain in custody for longer than the rule intends. *Cf. State v. Davis*, 2003-NMSC-022, ¶ 13, 134 N.M. 172, 74 P.3d 1064 (stating that "[n]o rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences[,]" and that we do not construe statutes, or in this case rules, "in a manner contrary to the intent of the [promulgating entity] and in a manner that leads to absurd or unreasonable results" (internal quotation marks and citations omitted)).

**{11}** Lastly, to the extent the State argues that the district court should rely on the bind-over order's filing date in district court in order to limit conflict between LR2-308 and other relevant rules of criminal procedure, we note that both the local rule and applicable precedent make clear that the local rule should control where there is a conflict with either the rules of criminal procedure or existing case law. *See* LR2-308; *see also State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484 (explaining that "[t]he rules

of criminal procedure and existing case law apply . . . only to the extent they do not conflict" with the local rule (internal quotation marks omitted)). Thus, the State's argument that our interpretation of LR2-308 would improperly "override" the 30-day deadline for filing an information under Rule 5-201 NMRA and "abrogat[e] Rule 5-201 by implication," is unconvincing given the conflict between the local rule and the rule of criminal procedure.

**{12}**  We therefore hold that (1) the district court did not err in relying on the bind-over order filing dates in metropolitan court, and (2) when, as here, there is a delay in filing the bind-over order in district court following its filing in metropolitan court, for the purposes of measuring the timeline provided by LR2-308(B)(1), the district court should rely on the bind-over order's filing date in metropolitan court.

## II.  The District Court Abused Its Discretion in Dismissing the Charges Without Prejudice as a Sanction for Violation of LR2-308

**{13}**  The State argues that even if the district court properly relied on the bind-over order's metropolitan court filing date, as we hold above, the district court abused its discretion by dismissing the charges as a sanction for violating LR2-308. Specifically, the State contends that the district court was required by both the local rule and applicable precedent to consider certain factors on the record in order to explain its reasoning for ordering the sanction of dismissal without prejudice. We agree and explain.

**{14}**  "We review the district court's imposition of sanctions for an abuse of discretion." *Lewis*, 2018-NMCA-019, ¶ 5. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959 (internal quotation marks and citation omitted). Under LR2-308, "[i]f a party fails to comply with any provision of [the] rule, . . . the court shall impose sanctions as the court may deem appropriate in the circumstances and taking into consideration the reasons for the failure to comply." LR2-308 (H)(1). Dismissal with or without prejudice is one of many available sanctions the court may impose when a party violates LR2-308. LR2-308(H)(4). Under LR2-308(H)(2), when the district court is "considering the sanction to be applied[,] the court shall not accept negligence or the usual press of business as sufficient excuse for failure to comply." The rule also requires that "[t]he sanction of dismissal, with or without prejudice, shall not be imposed" when either (1) "the state proves by clear and convincing evidence that the defendant is a danger to the community[,]" or (2) "the failure to comply with [the] rule is caused by extraordinary circumstances beyond the control of the parties." LR2-308(H)(6)(a)(b). Notably, LR2-308(H)(6) requires as well that "[a]ny court order of dismissal with or without prejudice . . . shall be in writing and include findings of fact regarding the moving party's proof of and the court's consideration of the above factors."

**{15}**  As an initial matter, we conclude that the district court's orders dismissing the charges against Defendants without prejudice did not satisfy the requirements of LR2-

308(H)(6) because the district court failed to include in its written order any findings about the Defendants' danger to the community or extraordinary circumstances that may have caused violation of the rule. We note that neither party advanced arguments implicating the LR2-308(H)(6) factors, but we nonetheless conclude that the district court must consider such factors in its written order.

**{16}** Beyond the factors provided by LR2-308(H)(6), the district court must also consider the factors set forth in *State v. Harper*, 2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25, in which our Supreme Court set out clear limitations on the scope of a district court's discretion when ordering the dismissal of charges as a sanction. When a party violates a discovery or scheduling order, *Harper* "instructs our courts to assess (1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Le Mier*, 2017-NMSC-017, ¶ 15. Following *Harper*, in *Lewis*, we held that the *Harper* framework—as well as our Supreme Court's application and interpretation thereof in *Le Mier*, 2017-NMSC-017—applied to the district court's ordering of sanctions in response to a party's violation of a previous version of LR2-308. *See Lewis*, 2018-NMCA-019, ¶ 8. In *Lewis*, this Court confirmed that when faced with a party's violation of the rule, "*Le Mier* requires the district court to not only weigh the degree of culpability and extent of prejudice, but also explain its decision regarding applicability of lesser sanctions on the record." *Lewis*, 2018-NMCA-019, ¶ 12.

**{17}** LR2-308(A) provides that "[t]he rules of criminal procedure and existing case law apply . . . to the extent they do not conflict with the [local] rule." *Lewis*, 2018-NMCA-019, ¶ 5 (internal quotation marks and citation omitted). The *Harper/Le Meir* framework provides appropriate tools for evaluating the type of sanction that the district court may impose. While *Harper*, *Le Mier*, and *Lewis* are all addressed toward severe sanctions such as dismissal with prejudice or witness exclusion, the analytical framework articulated in these cases does not occur after the fact based on the level of sanction the district court deems appropriate; instead, it is the framework the court must work through to arrive at the appropriate sanction, and this analysis may in some instances lead the court to lesser sanctions. The analysis is no less appropriate or important in these instances.

**{18}** Here, the district court failed to make either the written findings required by LR2-308 and the *Harper/Le Mier* framework. We find no conflict between the mandatory nature of the LR2-308(H)(6) factors, that are required to appear in a district court's written findings supporting an order of dismissal, and the on-the-record requirement of the *Harper/Le Mier* framework. Rather, where a district court finds itself in the position of necessarily ordering sanctions in response to a violation of LR2-308, we hold that the court must fulfill both the requirements of the *Harper/Le Mier* framework as well as the LR2-308 factors.[3] While there may exist a certain amount of overlap between the two

---

[3]Our holding in this regard does not include a determination regarding whether the district court's dismissal of the charges without prejudice were appropriate sanctions in this case, and "does not preclude the possibility that the district court could have developed an adequate record" contemplating

sources' requirements, we do not consider them to be duplicative. Rather, unless and until the local rule is amended to more directly mirror the *Harper*/*Le Mier* framework, the district court must make the necessary considerations as required by LR2-308 as well as *Harper*/*Le Mier*.

**CONCLUSION**

**{19}** For the reasons stated above, we reverse the district court's orders dismissing the charges without prejudice and remand for further proceedings consistent with this opinion, LR2-308(H)(6), and the *Harper*/*Le Mier* framework.

**{20} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**

---

both the *Harper*/*Le Mier* framework as well as, in writing, the LR2-308(H)(6) factors. *Lewis*, 2018-NMCA-019, ¶ 16.