This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38972**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellant,

v.

**SHRENNA LYNN SAMUELS,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Amanda S. Villalobos, District Judge**

Hector H. Balderas, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals the district court's order excluding witness Paula Welsh from testifying in Defendant Shrenna Samuels' trial,[1] arguing, in part, that the district court

---

1Defendant was indicted by a grand jury on six counts: (1) criminal sexual penetration in the second degree (aided or abetted by another), contrary to NMSA 1978, Section 30-9-11(E)(4) (2009); (2) criminal sexual contact in the fourth degree (aided or abetted by another), contrary to NMSA 1978, Section 30-9-12(A), (C)(2) (1993); (3) kidnapping (first degree), contrary to NMSA 1978, Section 30-4-1 (2003); (4) conspiracy to commit criminal sexual penetration in the second degree (aided or abetted by another), contrary to Section 30-9-11(E)(4) and NMSA 1978, Section 30-28-2 (1979); (5) conspiracy to commit

failed to make adequate findings on the record to support exclusion of Ms. Welsh.[2] For the reasons that follow, we reverse.

**DISCUSSION**

**{2}** "The propriety of a trial court's decision to exclude or not to exclude witnesses is reviewed for abuse of discretion." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. "The exclusion of witnesses is a severe sanction." *State v. Harper*, 2011-NMSC-044, ¶ 21, 150 N.M. 745, 266 P.3d 25. While "[t]rial courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated," such discretion is not unfettered. *Le Mier*, 2017-NMSC-017, ¶¶ 21-22. Rather, similar to the "outright dismissal of a case, the exclusion of witnesses should not be imposed except in extreme cases, and only after an adequate hearing to determine the reasons for the violation and the prejudicial effect on the opposing party." *Harper*, 2011-NMSC-044, ¶ 21.

**{3}** When a party violates a discovery or scheduling order, "*Harper* instructs our courts to assess (1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Le Mier*, 2017-NMSC-017, ¶ 15. Not only must district courts assess these factors, but they must also explain their consideration thereof on the record. *See State v. Lewis*, 2018-NMCA-019, ¶ 6, 413 P.3d 484 (explaining that the *Harper* Court made clear that a "district court must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and must *explain* their decision to exclude or not exclude a witness within [such] framework" (emphasis added) (internal quotation marks and citation omitted)); *see also id.* ¶ 11 ("Upon weighing [the *Harper*/*Le Mier*] factors, the district court then has discretion to decide which sanction to impose, but has an obligation to explain the reasons for its decision."); *Le Mier*, 2017-NMSC-017, ¶ 20 ("Courts must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and must explain their decision to exclude or not to exclude a witness within the framework articulated in *Harper*."). We recently addressed the on-the-record requirement presented by the *Harper*/*Le Mier* framework, explaining that while the framework provides appropriate tools for evaluating the type of sanction that the district court may impose in response to discovery violations, the framework "does not occur after the fact based on the level of sanction the district court deems appropriate; instead, it is the framework the court must work through to arrive at the appropriate sanction, and this analysis may in some instances lead the court to lesser sanctions." *State v. McWhorter*, 2022-NMCA-011, ¶ 17, 505 P.3d 865, *cert. denied* (S-1-SC-39047. Put plainly, our case law requires the district court to demonstrate its consideration of the *Harper*/*Le Mier*

criminal sexual contact in the fourth degree (aided or abetted by another), contrary to Section 30-9-12(A), (C)(2) and Section 30-28-2; and (6) conspiracy to commit kidnapping (first degree), contrary to Sections 30-4-1 and 30-28-2.

2The State argues as well that Defendant was not entitled to personally confront Ms. Welsh, asserting that the district court erred in finding that the State violated discovery and scheduling orders by failing to produce Ms. Welsh for an in-person—rather than telephonic—interview. In light of our holding below, we decline to further address this additional argument.

framework—culpability, prejudice, and availability of lesser sanctions—on the record. *McWhorter*, 2022-NMCA-011, ¶¶ 16-17; *Lewis*, 2018-NMCA-019, ¶¶ 6, 11; *Le Mier*, 2017-NMSC-017, ¶ 20.

**{4}** Here, the district court's exclusion of Ms. Welsh, the alleged victim in the case, arose from the following pertinent procedural history: the district court filed its first discovery and scheduling order on August 23, 2018, requiring parties to complete all witness interviews no later than ninety days after arraignment. Defendant was arraigned on August 23, 2018, thus the initial deadline for conducting witness interviews was November 21, 2018. Witness interviews were not conducted by such deadline. The district court subsequently filed an additional scheduling order on September 4, 2019, requiring parties to complete witness interviews by September 30, 2019. On October 10, 2019, Defendant filed a notice of noncompliance with discovery and a motion to exclude witnesses, including Ms. Welsh, and related testimony. Following a March 16, 2020 hearing on Defendant's notice and motion, the district court found that Ms. Welsh "was not made available for an in-person interview and . . . the State did not comply with the [district court's scheduling and discovery orders,]" and ordered Ms. Welsh to be excluded from testifying.

**{5}** In its order, the district court failed to include adequate written findings as required by the *Harper*/*Le Mier* framework, stating only that it "consider[ed] the factors in . . . *Le Mier*." While the district court's order implies its consideration of the culpability factor of the *Harper*/*Le Mier* framework—stating twice that the State failed to comply with the district court's orders regarding deadlines for scheduling witness interviews— the order lacks any indication of the district court's consideration of either the prejudice or availability of lesser sanctions factors. Similarly, the district court did not articulate its consideration of, or otherwise discuss, the *Harper*/*Le Mier* framework during the March 16, 2020 hearing. We therefore hold that the district court erred by failing to demonstrate—either in its written order or during the March 16, 2020 hearing—its consideration of the *Harper*/*Le Mier* framework in ordering Ms. Welsh's exclusion. In so holding, we make no determination regarding whether excluding Ms. Welsh as a testifying witness was the proper sanction for the discovery and scheduling order violations identified by the district court in this case. Rather, our holding is merely premised upon the district court's failure to satisfy the requirement that it develop an adequate record in which it explains its reasons for imposing such a severe sanction through application of the *Harper*/*Le Mier* framework. Indeed, our holding today does not preclude the possibility that the district court could, on remand, develop an adequate record to subsequently reach an outcome consistent with its original order.

**CONCLUSION**

**{6}** For the reasons stated above, we reverse the district court's order excluding Ms. Welsh as a testifying witness and remand for further proceedings consistent with this opinion.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**