This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40064**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**RAYMOND WILLIE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in In re Pilot Project for Criminal Appeals, No. 2019-002, effective October 1, 2019. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now

having considered the brief in chief, answer brief, and reply brief, we remand this case to the district court for the following reasons.

**{2}** The State appeals the district court's order dismissing the case without prejudice, arguing that the district court erroneously excluded all exhibits submitted by the State at Defendant's NMSA 1978, Section 31-9-1.2 (1999) dangerousness hearing. The district court excluded these exhibits as a sanction for failing to seek Defendant's position on the exhibits forty-eight hours prior to the hearing as required by the New Mexico Supreme Court COVID-19 Protocols, in effect at the time. [BIC 13; RP 98] Concluding that the record fails to demonstrate that the district court conducted the appropriate sanctions inquiry under *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, and *State v. Le Mier*, 2017-NMSC-017, 394 P.3d 959, we remand this matter for the district court to conduct the appropriate analysis on the record.

## DISCUSSION

**{3}** "We review the district court's imposition of sanctions for an abuse of discretion." *State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Le Mier*, 2017-NMSC-017, ¶ 22 (internal quotation marks and citation omitted). A district court also abuses its discretion when it uses an incorrect legal standard or misapplies the law. *See Brooks v. Norwest Corp.*, 2004-NMCA-134, ¶ 7, 136 N.M. 599, 103 P.3d 39.

**{4}** A district court must assess the following when determining whether to levy sanctions for violations of court orders: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Le Mier*, 2017-NMSC-017, ¶ 15. While, traditionally, this analysis was applied in cases involving "severe sanctions," this Court recently clarified that this framework is also a necessary analysis for the imposition of lesser sanctions. *See State v. McWhorter*, 2022-NMCA-011, ¶¶ 16-17, 505 P.3d 865 ("While *Harper*, *Le Mier*, and *Lewis* are all addressed toward severe sanctions such as dismissal with prejudice or witness exclusion, the analytical framework articulated in these cases does not occur after the fact based on the level of sanction the district court deems appropriate; instead, it is the framework the court must work through to arrive at the appropriate sanction, and this analysis may in some instances lead the court to lesser sanctions. The analysis is no less appropriate or important in these instances."), *cert. denied* (S-1-SC-39047). In addition, our case law requires the district court to demonstrate its consideration of the *Harper*/*Le Mier* framework on the record. *McWhorter*, 2022-NMCA-011, ¶¶ 16-17; *Lewis*, 2018-NMCA-019, ¶¶ 6, 11; *Le Mier*, 2017-NMSC-017, ¶ 20.

**{5}** In this case, the district court excluded all of the State's proffered exhibits as a sanction for the State's failure to obtain Defendant's position on their admissibility prior to the hearing. [RP 103-04, 132] The parties do not dispute that the district court did not engage in the *Harper*/*Le Mier* analysis at the dangerousness hearing prior to excluding the State's exhibits as a sanction. [BIC 6-7; AB 2] Further, neither the district court's

order for sanctions nor order denying reconsideration demonstrate any consideration of the necessary *Harper*/*Le Mier* factors, nor does anything else in the record before us. [RP 103-04, 132] Accordingly, we conclude that the district court abused its discretion in excluding the State's exhibits without conducting the proper inquiry and remand is appropriate in this matter to allow the district court to engage in and properly document its analysis of the *Harper*/*Le Mier* factors as it relates to the exclusion of the State's exhibits as a sanction. *See McWhorter*, 2022-NMCA-011, ¶¶ 16-17, 20.

**{6}**     To the extent that Defendant argues that the State failed to preserve this issue for our review, we disagree. [AB 8] The State proffered its exhibits for admission at the hearing, and after a discussion between the district court and counsel on the procedural abnormalities at issue, the district court excluded the exhibits. [AB 2-3] These discussions were sufficient to invoke a ruling, and did in fact invoke a ruling, on the admissibility of the documents and the propriety of exclusion as a sanction.  Thus, the issue has been properly preserved. *See* Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *State v. Allen*, 2014-NMCA-047, ¶ 9, 323 P.3d 925 ("The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." (internal quotation marks and citation omitted)).

**CONCLUSION**

**{7}**     For the foregoing reasons, we remand this case for proceedings consistent with this opinion.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**