This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41203**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**AMADEO DANIEL JARAMILLO,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lucy Solimon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Mark A. Probasco, Assistant Attorney General
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** The State appeals from an order of the district court imposing sanctions in the form of a monetary fine for the State's failure to (1) provide substitute defense counsel with discovery that was previously turned over to Defendant's prior attorney; (2) file a

timely trial exhibit list; (3) file timely motions in limine; and (4) file timely proposed jury instructions. [RP 107]

**{3}** "[District] courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. "The propriety of a [district] court's decision to exclude or not to exclude witnesses is reviewed for abuse of discretion." *Id.* "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). "In reviewing the district court's decision, this Court views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision." *Id.*

**{4}** To answer the question of whether the district court abused its discretion in the choice of a sanction, we look to the framework set out in *State v. Harper*, 2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25, and further explained in *Le Mier*, 2017-NMSC-017, ¶ 20. "When a party violates a discovery or scheduling order, *Harper* instructs our courts to assess (1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *State v. McWhorter*, 2022-NMCA-011, ¶ 16, 505 P.3d 865, 870, *cert. denied* (S-1-SC-39047, Jan. 6, 2022). "*Le Mier* requires the district court to not only weigh the degree of culpability and extent of prejudice, but also explain its decision regarding applicability of lesser sanctions on the record." *Id.* ¶ 16 (internal quotation marks and citation omitted). Additionally, as noted in *Le Mier*, "it is not the case that [a sanction] is justified only if all of the *Harper* considerations weigh in favor of exclusion." *Le Mier*, 2017-NMSC-017, ¶ 20; *see also McWhorter*, 2022-NMCA-011, ¶ 17 (acknowledging that while *Harper* and *Le Mier* are both "addressed toward severe sanctions such as dismissal with prejudice or witness exclusion, the analytical framework articulated in these cases does not occur after the fact based on the level of sanction the district court deems appropriate; instead, it is the framework the court must work through to arrive at the appropriate sanction, and this analysis may in some instances lead the court to lesser sanctions").

**{5}** The State first argues that the district court failed to address the culpability of the State. We disagree. The district court's order sanctioning the State as well as the order denying the State's motion for reconsideration explain that the State's motions in limine, proposed jury instructions, and witness list were all filed late in contravention of the district court's scheduling order. [RP 95, 107] Indeed, the State conceded in its motion to reconsider that it had no excuse for its failures to comply with the scheduling order, reflecting its culpability for the late filings. [RP 103]

**{6}** The district court's order for sanctions also indicates that it believed that counsel for both the State and Defendant failed to ensure that all relevant discovery was turned over prior to trial, and fined them equally in an amount of $1,902.50—the cost expended by the Second Judicial District to call in a jury for voir dire unnecessarily in this case. [RP 97-98] The State argues that it was not responsible for providing discovery to

Defendant's substitute counsel, and thus it cannot be sanctioned in the above amount for its conduct in this case. [BIC 9] Even if we were to agree that a sanction was improper on this basis, the State's repeated failure to comply with court-ordered deadlines in this case are more than sufficiently detailed on the record to establish its culpability in this matter.

**{7}** The State next argues that the defense suffered no prejudice by the State's conduct in this case. [BIC 9] The district court's discussion of prejudice in its order for sanctions notes that, due to the State's late filing of proposed jury instructions, the district court was unable to review them until the day of trial. [RP 95] *See State v. Ortiz*, S-1-SC-37127, dec. ¶ 7 (N.M. Aug. 15, 2019) (nonprecedential) (concluding that prejudice to a district court's efficient administration of its docket is a sufficient showing of prejudice under *Harper* and *Le Mier*). The remaining discussion of prejudice appears to relate to the parties' failure to exchange all adequate discovery, and the resulting need to vacate the trial after voir dire had already been conducted. [RP 96-97] Again, even if we were to discount the discussion of prejudice relevant to the alleged discovery violations, we are mindful of the statement made by our Supreme Court in *Le Mier* that the district court retains inherent authority to impose sanctions even in the absence of a showing of prejudice to the opposing party. *See Le Mier*, 2017-NMSC-017, ¶ 20 ("[O]n occasion the district court may need to [sanction a party] that did not comply with discovery orders to maintain the integrity and schedule of the court even though the defendant may not be prejudiced." (internal quotation marks and citation omitted)). Accordingly, we do not believe that the district court's consideration of prejudice in this matter renders its ultimate sanction an abuse of discretion. *See id.* ¶ 22 ("[District] courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated.").

**{8}** Finally, with respect to the availability of lesser sanctions, the district court's order denying reconsideration clearly states that it considered a verbal admonishment in lieu of a monetary fine but concluded that the lesser sanction would not be sufficient to achieve the objective in this case. [RP 108] The State's brief in chief makes no argument that this was insufficient under *Harper/Le Mier*. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate district court error).

**{9}** Having reviewed the district court's orders under the relevant *Harper/Le Mier* framework, we conclude that the district court did not abuse its discretion in this case.

**{10}** For the foregoing reasons, we affirm the district court.

**{11}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**