This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41071

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**IRVIN CHACON,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellant

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** The State appeals the district court's order excluding testimony and preventing the State's witness from testifying in this case. This Court issued two notices of proposed disposition in this appeal, the most recent of which proposed to reverse and remand for further proceedings. In response to our second notice, Defendant has filed a memorandum in opposition to summary reversal, which we have duly considered. For the following reasons, we reverse.

**{2}** Defendant's memorandum in opposition argues that the reasons for the district court's ruling were apparent, and therefore, the district court was not obligated to specifically articulate its reasoning. [MIO 7] As discussed in our second proposed disposition, a district court must assess the following when determining whether to levy sanctions for a discovery violation: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *State v. Le Mier*, 2017-NMSC-017, ¶ 15, 394 P.3d 959; *see also State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25 (same). "Upon weighing those factors, the district court then has discretion to decide which sanction to impose, but has an obligation to explain the reasons for its decision." *State v. Lewis*, 2018-NMCA-019, ¶ 11, 413 P.3d 484. Even if the district court is "unquestionably aware of its obligation to consider the *Harper* factors," the facts on which its decision is based, and the reasons for imposing a sanction, must be contained in the record so that this Court can determine "whether the district court exercised due care in making its decision." *Id.* ¶ 12.

**{3}** Defendant asserts that this case contains a "complete record" that, taken in its entirety, demonstrates the district court considered each *Harper* factor. [MIO 6-7] To support this assertion, Defendant points out that his motion to dismiss contained a citation to *Le Mier* [RP 67], and the State's response to his motion identified the *Harper* factors [RP 73] [MIO 6]. We note, however, that Defendant's motion fails to mention any of the *Harper* factors or the mandatory nature of the analysis under *Harper* and *Le Mier*. [RP 67] Furthermore, Defendant cites *Le Mier* only as support for the proposition that trial courts have the authority to proactively manage their dockets. [*Id.*] The State's response to Defendant's motion does identify the *Harper* factors, and it contains brief assertions that each of the factors should be weighed in the State's favor. [RP 73-74] As noted in our second proposed disposition, however, the district court made no attempt to evaluate the *Harper* factors during the hearing, and the district court's order neither mentions any of the *Harper* factors nor explains the reasons for its decision. [CN 2-3]

**{4}** In our second proposed disposition, we analogized this case to *Lewis*, in which the district court heard argument from the State citing *Harper* and arguing for lesser sanctions, but verbally rejected the available lesser sanctions and dismissed the case with prejudice. *Lewis*, 2018-NMCA-019, ¶ 4. On appeal, this Court noted that although the district court was "unquestionably aware of its obligation to consider the *Harper* factors, nothing in the record reveal[ed] the district court's reasons for imposing a sanction of dismissal with prejudice or the facts on which the district court based its decision." *Id.* ¶ 12. Accordingly, we concluded the record was "inadequate to determine whether the district court exercised due care in making its decision" and reversed. *Id.*

**{5}** Here, Defendant asserts that because the State's motion listed the *Harper* factors and the district court's order "considered [Defendant's] motion and heard arguments from both parties," there is a "complete record addressing each of the *Harper* factors," and this case is therefore distinguishable from *Lewis*. [MIO 8] We disagree. The only mention of the analytic framework set forth in *Harper*, *Le Mier*, and *Lewis* contained in this record lies in the State's response to Defendant's motion. [RP 74] As the State asserted there was no prejudice, no culpability, and available lesser

sanctions—assessments that would not warrant extreme sanctions—the State's pleading does little to explain the district court's reasoning in excluding the State's witness. *See Lewis*, 2018-NMCA-019, ¶ 12 (reiterating the requirement that the district court explain its decision on the record and lamenting the lack of "a thorough record that indicates a careful consideration of the *Harper* factors").

**{6}** Defendant also asserts that this Court should apply a less rigorous approach than that required by *Lewis* because the district court imposed a sanction of witness exclusion rather than dismissal. [MIO 7] Such an approach is not supported by the case law. In fact, this Court recently rejected an approach that alters the analytical framework based on the level of sanction imposed. *See State v. McWhorter*, 2022-NMCA-011, ¶ 17, 505 P.3d 865 ("[T]he analytical framework articulated in [*Harper, Le Mier*, and *Lewis*] does not occur after the fact based on the level of sanction the district court deems appropriate; instead, it is the framework the court must work through to arrive at the appropriate sanction, and this analysis may in some instances lead the court to lesser sanctions."). Furthermore, this Court has explicitly recognized that "both dismissal and witness exclusion constitute 'extreme' sanctions." *Lewis*, 2018-NMCA-019, ¶ 8.

**{7}** For the reasons stated in our second notice of proposed disposition and herein, we conclude that the district court in this case failed to satisfy the requirement that it develop an adequate record and explain its reason for imposing the sanction of excluding the State's witness. *See id.* ¶ 16. We therefore reverse the district court's order excluding testimony and remand for further proceedings consistent with this opinion.

**{8}     IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**