This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41065**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**EDWARD HOREY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** The State appeals the district court's order suppressing evidence as a sanction for its discovery violation. We issued a second notice of proposed summary disposition proposing summary reversal, and Defendant has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded that our proposed reversal is incorrect, and we therefore reverse the district court.

**{2}** "We review the district court's imposition of sanctions for an abuse of discretion." *State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484; *see State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959 (internal quotation marks and citation omitted).

**{3}** When a party violates a discovery or scheduling order, "*Harper* instructs our courts to assess (1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Le Mier*, 2017-NMSC-017, ¶ 15; *see Harper*, 2011-NMSC-044, ¶ 16. In addition, our case law requires the district court to demonstrate its consideration of the *Harper/Le Mier* framework on the record. *State v. McWhorter*, 2022-NMCA-011, ¶¶ 16-17, 505 P.3d 865; *Lewis*, 2018-NMCA-019, ¶¶ 6, 11; *Le Mier*, 2017-NMSC-017, ¶ 20. While, traditionally, this analysis was applied in cases involving "severe sanctions," this Court recently clarified that this framework is also a necessary analysis for the imposition of lesser sanctions. *See McWhorter*, 2022-NMCA-011, ¶¶ 16-17 ("While *Harper*, *Le Mier*, and *Lewis* are all addressed toward severe sanctions such as dismissal with prejudice or witness exclusion, the analytical framework articulated in these cases does not occur after the fact based on the level of sanction the district court deems appropriate; instead, it is the framework the court must work through to arrive at the appropriate sanction, and this analysis may in some instances lead the court to lesser sanctions. The analysis is no less appropriate or important in these instances.").

**{4}** Neither the district court's written order nor its comments at the hearing indicate that it engaged in the requisite consideration of the factors set out in *Harper* and *Le Mier*. Accordingly, the record is insufficient to support the district court's suppression of the evidence at this time. *See Lewis*, 2018-NMCA-019, ¶ 18 (reversing the district court's sanction for discovery violation and remanding for development of a record where the record was not adequate to determine whether the district court abused its discretion because the record did not establish that the district court considered the factors set out in *Harper* and *Le Mier*).

**{5}** In his memorandum in opposition, Defendant does not contest that the district court failed to demonstrate its consideration of the relevant factors on the record. Rather, Defendant argues that the State failed to preserve any objection to the sufficiency of the record in support of suppression of the evidence because the State failed to alert the district court that its explanation was deficient so that the district court could correct any error. [Defendant's MIO 1-3]

**{6}** We disagree. The record indicates that at the suppression hearing, the prosecutor informed the district court that the State had located the video evidence that morning and that it had been sent to defense counsel. [State's MIO 10-11] The prosecutor argued that Defendant had not been prejudiced by the late disclosure, as the defense had been aware of the contents of the video and now was in possession of the videos. [State's MIO 11] The State further argued that there had not been a sufficient

showing of culpability on the part of the State. [State's MIO 13-15] The State therefore preserved its objection to the district court's suppression of the evidence by arguing against it at the hearing on the motion to suppress and making arguments in support of its position. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (recognizing that to preserve an issue for appeal, a party "must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Defendant has cited no authority to suggest that the State was required to make a further objection, after the district court entered its written suppression order, on the basis that the order was insufficient. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We therefore reject this assertion of error.

**{7}** For these reasons and those stated in our second notice of proposed summary disposition, we reverse and remand this case to the district court for further proceedings. *See Lewis*, 2018-NMCA-019, ¶ 18 (reversing the district court's sanction for discovery violation and remanding for development of a record where the record was not adequate to determine whether the district court abused its discretion because the record did not establish that the district court considered the factors set out in *Harper* and *Le Mier*).

**{8}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**