This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42031

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JESUS ADAN HERRERA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard M. Jacquez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** The State appeals from the district court's order excluding six State witnesses as a discovery sanction under LR3-303 NMRA and Rule 5-503 NMRA. This Court issued a calendar notice proposing to reverse because it appeared the district court failed to consider or explain on the record the *Harper* factors for excluding a witness under *State v. La Mier. See* 2017-NMSC-017, ¶ 20, 394 P.3d 959 ("Courts must evaluate the considerations identified in [*State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25]—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and must explain their decision to exclude or not to exclude a witness

within the framework articulated."). Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we reverse.

**{2}** Our notice of proposed disposition proposed to reverse—without determining whether exclusion was proper—because the district court did not consider the factors on the record. As such, "[w]e cannot meaningfully review the district court's decision." [CN 3-4] Defendant now contends that this Court should infer that the district court did consider the required factors when excluding the six witnesses as a discovery sanction for violating LR3-303. [MIO 7-12] But our review of the record shows that the district court based its decision to exclude the witness on the State's failure to subpoena the witnesses for Defendant's witness interview. [RP 132-33] This is consistent with the district court's order excluding the witnesses as a violation of LR3-303. [RP 130] While the order does not need to explicitly state the district court's ruling on each factor, it must be clear from the record that the district court engaged with the appropriate factors before excluding witnesses. *See State v. Multine*, 2025-NMCA-013, ¶¶ 42-45, ___ P.3d ___ (holding that the district court implicitly ruled on the *Harper* factors because it heard argument as to each factor at the motion hearing even though its written order did not explicitly rule on each factor as required). As we explained in our calendar notice, while the State's violation of LR3-303 may provide sufficient grounds to exclude the six witnesses, that does not excuse the district court from also explaining its decision under the *Harper* framework. [CN 3] *See State v. McWhorter*, 2022-NMCA-011, ¶ 16, 505 P.3d 865 (stating that the district court must consider the *Harper* factors even if excluding a witness under local rules). Therefore, despite Defendant's request that we read implicit findings under the *Harper* framework in the district court's decision, the record is insufficient to support this position. As such, we cannot now review the *Harper* factors for the first time on appeal. *See State v. Dirickson*, 2024-NMCA-038, ¶ 28, 547 P.3d 781 (explaining that consideration of the *Harper* factors falls within the discretion of the district court).

**{3}** Accordingly, Defendant does not now direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. [MIO 7-8] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain unpersuaded that the district court explained its reasoning sufficiently for our review now on appeal.

**{4}** For the reasons stated in our notice of proposed disposition and herein, we reverse.

**{5}** **IT IS SO ORDERED.**

SHAMMARA H. HENDERSON, Judge

WE CONCUR:

JANE B. YOHALEM, Judge

GERALD E. BACA, Judge